J-S16001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS J. CANNALLEY, SR. | |
| Appellant | No. 2030 EDA 2015 |

Appeal from the Judgment of Sentence June 16, 2015
in the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002812-2013

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:　　　　　　　　**FILED FEBRUARY 17, 2016**

Appellant Thomas Cannalley, Sr. appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas following his bench trial conviction for driving under the influence, high rate of alcohol, third offense.[1]  We affirm.

In its opinion,[2] the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.  **See** Suppression Opinion, pp. 1-3.

---

[1] 75 Pa.C.S. § 3802(b).

[2] The Honorable Stephen M. Higgin filed the trial court's August 7, 2015 Pa.R.A.P. 1925(a) opinion ("1925(a) Opinion").  The 1925(a) Opinion incorporated the trial court's November 6, 2014 order and opinion filed by the Honorable Jennifer Harlacher Sibum to explain the reasons for the denial of Appellant's suppression motion.  **See** 1925(a) Opinion, p. 2; **see also**
*(Footnote Continued Next Page)*

Appellant raises the following issue for our review:

I. Whether an officer has reasonable suspicion of driving under the influence when he observes a vehicle slightly weave within its lane of travel?

Appellant's Brief at 4.

Appellant's claim concerns an alleged error regarding the suppression court's ruling. This Court's well-settled standard of review of a denial of a motion to suppress evidence is as follows:

[An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where . . . the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to [] plenary review.

**Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa.2010) (internal citations and quotation marks omitted).

_(Footnote Continued)_ _____

Trial Court Opinion Regarding Appellant's Omnibus Pre-Trial Motion, filed November 6, 2014 ("Suppression Opinion").

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned Suppression Opinion of the Honorable Jennifer Harlacher Sibum, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. *See* Suppression Opinion, pp. 3-11 (finding reasonable suspicion to stop Appellant's vehicle existed where experienced police officer observed Appellant's vehicle wait 10-20 seconds for no reason at stop sign, drive 10 miles per hour below posted speed limit, weave within its lane of traffic, and strike center lane three times in the face of oncoming traffic). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016